# United States District Court

## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**RICHARD LEE REWERTS** | **ORDER OF DETENTION PENDING TRIAL**<br>Case Number: 1:05-CR-177 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ under 18 U.S.C.§924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant admitted being at a location where shots were fired. When apprehended, defendant was in the backseat of an automobile with guns under the front seat in front of him and boxes of ammunition in his pockets. Defendant has a history of drug abuse beginning with daily marijuana use at age 13. He currently smokes 1 to 2 blunts of marijuana three days per week, and has admitted using cocaine every other day up until October of last year. Defendant's record is replete with failures to appear, to wit: including failing to report for a presentence interview; while on probation, failing to report in February and March 2003 resulting in a bench warrant; posting bond but then failing to appear (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that no condition or combination of conditions will assure the presence of the defendant for future court proceedings in light of defendant's repeated failures to appear. It appears the defendant's failures to present himself may have been aggravated by an uncertain medical condition (uncertain because defendant failed to complete testing as scheduled) and/or his use of drugs. The defendant also has four convictions involving the use of alcohol which strongly suggests that (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| | |
|---|---|
| Dated: September 6, 2005 | /s/ Hugh W. Brenneman, Jr.<br>*Signature of Judicial Officer*<br>Hugh W. Brenneman, United States Magistrate Judge<br>*Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Richard Lee Rewerts
1:05-CR-177
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B) - (continued)**

> for the violation hearing, resulting in a second bench warrant; being placed in the House of Commons treatment program in November 2003, but then absconding shortly thereafter resulting in a third bench warrant being issued. Most recently, defendant attended a community mental health facility to address issues of depression and to do diagnostic testing to rule out bipolar, schizophrenia and epilepsy conditions, but he failed to complete the testing as scheduled.

> While it appears defendant could reside with family in Lansing where he has previously resided, these surroundings have not served to keep him out of trouble in the past.

> Defendant has been unemployed since October 2004.

**Part II - Written Statement of Reasons for Detention - (continued)**

> alcohol may also add to his instability.